WATFORD, Circuit Judge,
concurring:
It’s of no consequence in this case, but I question whether the dismissal here should have been for lack of subject matter jurisdiction. Our court has previously indicated (albeit without analysis) that 5 U.S.C. § 704’s requirement of final agency action *626 is jurisdictional, so today’s disposition is certainly consistent with circuit precedent. See San Luis Unit Food Producers v. United States, 709 F.3d 798, 801 (9th Cir.2013). But in my view the D.C. Circuit has persuasively explained why our court’s precedent on this point is vfrong. As that court held in Trudeau v. FTC, 456 F.3d 178 (D.C.Cir.2006), § 704 is not a jurisdiction — conferring statute. Id.- at 183-84. It instead confers, together with § 702, a right of action under federal law, and district courts have subject matter jurisdiction to adjudicate such actions under the general federal-question statute, 28 U.S.C. § 1331. Id. at 185. A plaintiffs failure to allege final agency action under § 704 should therefore result in dismissal for failure to state a claim upon which relief may be granted, not dismissal for lack of subject matter jurisdiction.
Unlike the D.C. Circuit, our court has never fully examined the jurisdictional status of § 704. In a case where it matters, we should take a fresh look at the issue without feeling bound by our prior, unreasoned determination. Arbaugh v. Y & H Corp., 546 U.S. 500, 511, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006).